J. B. JEAUNIN *v.* L. MILLAUDON and A. LESSEPS.

The notice and advertisements of the sale of property for the payment of the expenses of making a levee, under the summary proceedings of 1887, must contain the owners names, when it can be ascertained.

APPEAL from the Fourth District Court of New Orleans, *Buchanan*, J. *Roselius*, for plaintiff. *Benjamin, Micou & Finney*, for defendants and appellants.

OGDEN, J. This case was before brought up on appeal, to determine a question raised as to the right of the defendants to cite as warrantors the Police

JEAUNIN
*v.*
MILLAUDON ET AL.

Jury of Plaquemines, and was remanded, with directions to the court below to compel the Police Jury to answer. The facts from which the controversy arises, are stated in the decision reported in 5th Rob. R., p. 76.

The only question which the case presents is, whether the Police Jury, at whose instance, under summary proceedings provided by an Act of the Legislature of 1837, the plaintiff's property was sold for payment of the expenses of making a levee, were dispensed with the necessity of causing the name of the plaintiff to be inserted in the monition, which, by the Act, it is required should be done, when the name of the owner is known. The defendants were purchasers at the sale made in pursuance of proceedings under that law, and the plaintiff sues to set aside the sale on the ground that the formalities pointed out in the statute were not complied with.

One of the essential formalities which it is charged was omitted is, that the name of the plaintiff was not inserted in any of the public notices and advertisements which were required to precede the sale, although the plaintiff alleges it was well known to the parish Judge and the president of the Police Jury, that he was the owner of the property, as he had recorded his title and paid the legal fees for the registry. The Judge of the court below was of opinion that the evidence sufficiently established, that previous to the institution of the proceedings by the Police Jury, the plaintiff had deposited his title deeds for registry with the parish Judge, and that by doing so, knowledge of his title was brought home to the parochial authorities. After a careful examination of the evidence, we cannot say that he erred in his conclusions as to the facts, and as the statute requires the name of the owner to be mentioned if known, the sale was defective on account of the omission to ascertain from the records, the name of the plaintiff, and mention it in the public notices and advertisements which were made. As these advertisements were made by this special law to stand in lieu of a citation to the party, this omission is as fatal to defendants' title as the omission of citation would be in ordinary cases.

The judgment of the court below is correct, so far as it annuls the sale of that part of the tract of land which was purchased by *Irastour* in lots, and sold to the plaintiff; but we think the right of the plaintiff to annul the adjudication made to the defendants, as regards the lots owned by him, does not necessarily involve the rescission of the whole sale.

The property which was adjudicated to the defendants was formerly known as the St. Sophia plantation, and had been laid out and sold in town lots, it being intended to convert the plantation into a town to be called Hancockville. The plaintiff is entitled to recover his lots, and may have a right to cause the streets to be opened, but that right can be exercised as well against the defendants as it could be against any other persons claiming to be the owner of the rest of the town, either in block or in lots, and that question does not seem to be involved in this suit. We therefore think the court below erred in decreeing that the entire adjudication to the defendant should be annulled.

The Police Jury, it appears from the record, have not filed any answer in the suit, and the defendants asks to have the judgment rendered in their own favor or their call in warranty reversed, and as there was no issue joined between the defendant and their warrantors, the judgment against the latter was irregular and should be set aside. ·

It is therefore ordered, adjudged and decreed, that the judgment of the court below be avoided and reversed, and proceeding to render such judgment as in

our opinion ought to have been rendered in the court below. It is ordered and adjudged, that the plaintiff recover from the defendants the lots of ground claimed in his petition, with costs in the lower court; those of this appeal, to be paid by the plaintiff and appellee.